UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THEODORE NOWAK and GARY
BROCKWAY, Individually and On Behalf      Case No. 06-11718
of All Others Similarly Situated,

               Plaintiffs,                  HONORABLE PAUL V. GADOLA
                                          MAGISTRATE JUDGE STEVEN D. PEPE

v.

FORD MOTOR COMPANY, MICKEY
POLI-BARTLETT, WILLIAM CLAY
FORD, JR., JOSEPH W. LAYMON,
DONAT R. LECLAIR, DAVID G.
LEITCH, ROMAN J. KRYGIER, AND
JOHN DOES 1-20,

               Defendants.
_____/

## OPINION AND ORDER GRANTING OUSACHI PLAINTIFFS' MOTION FOR APPOINTMENT OF LEAD AND LIAISON COUNSEL (DKT. #40) AND DENYING NOWAK AND MCNEELY PLAINTIFFS' MOTIONS (DKT. ##9, 25)

This is a consolidated ERISA case brought by certain salaried and hourly Ford

employees against Ford Motor Company and various fiduciaries of the Ford 401(k) plans. While

not yet certified as a class action under Fed. R. Civ. P. 23(b)(3), counsel for the separate plaintiff

groups are seeking to be named lead and liaison counsel under Rule 23(g). Although this

currently is only a putative class, efficient management of this action requires selection of lead

and liaison counsel under Rule 23(g)(2) because of the inability of the Plaintiffs to agree on such

counsel.

I.      FACTUAL AND PROCEDURAL BACKGROUND

1

Several ERISA Actions were filed against Ford Motor Company ("Ford" or the "Company"), certain officers and directors of the Company, and other fiduciaries of the 401(k) retirement savings plans established and sponsored by Ford as a benefit for its employees, including the Ford Tax-Efficient Savings Plan for Hourly Employees ("Hourly Plan") and the Ford Motor Company Savings and Stock Investment Plan for Salaried Employees ("Salaried Plan")(collectively, the "Plans").[1]  The ERISA actions allege that Defendants breached their fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA"), in six principal ways.

(1) selecting and maintaining Ford Motor Company stock as an investment for the Plans when it was no longer a suitable or prudent investment option;

(2) encouraging participants in the Plans to invest in Ford Motor Company common stock;

(3) continuing to invest Company contributions in Ford Motor Company common stock and failing to divest the Plans from shares in Ford common stock at a time when that investment option became imprudent due to the poor financial and operating performance of the Company;

(4) abdicating their continuing duty to review, evaluate and monitor the suitability of the Plans' investment in Ford Motor Company common stock;

(5) failing to provide accurate, material information to enable the Plans' participants to make informed investment decisions concerning their contributions invested in Ford Motor Company common stock; and

(6) failing to monitor others of the Plans' fiduciaries and to provide them with information sufficient to perform their duties overseeing the Plans and their investments.

---

[1] As described in the background section of the text: (1) the *Nowak* Plaintiffs filed their complaint on April 7, 2006; (2) the *McNeely* Plaintiffs filed their complaint on May 9, 2006; (3) the *Ousachi* Plaintiffs filed their complaint on June 6, 2006;(4) the *Cooper* Plaintiffs filed their complaint on July 7, 2006.

Plaintiffs seek relief pursuant to §409 and §502 of ERISA, 29 U.S.C. §§1109, 1132, on behalf of all participants in or beneficiaries of the Plans who sustained losses in their retirement accounts.

The *Nowak* and *Lennie* Plaintiffs, represented by the same attorneys, were the first to file on April 7, 2006.  *Nowak, et al. v. Ford Motor Company, et al.*, Case No. 06-11718,  *Lennie, et al. v. Ford Motor Company, et al.*, Case No. 06-11722.  On April 26, 2006, the *Nowak* Plaintiffs filed their motion for appointment of their counsel, Scott + Scott, LLC, and Milberg Weiss Bershad &  Schulman LLP, interim Co-Lead Counsel (Dkt. #9).

The *McNeeley* Plaintiffs filed their complaint on May 9, 2006.  *McNeely, et al. v. Ford Motor Company, et al.*, Case No. 06-12139.  On June 1, 2006, this Court entered an Order of Consolidation consolidating the *Nowak, Lennie* and *McNeely* cases. (Dkt. #15).  It also issued a a scheduling order for the then consolidated parties on the issue of lead counsel (Dkt. #16).

On June 16, 2006, the *McNeely* Plaintiffs formally filed a  motion to have their counsel, Climaco Lefkowitz Peca Wilcox & Garofoli Co., L.P.A., and Bernstein Litowitz Berger & Grossman LLP  appointed lead co-counsel (Dkt. #25).[2]  On June 28, 2006, these *Nowak* and *McNeeley* motions for appointment of lead counsel were referred for hearing and determination pursuant to 28 USC § 636 (b)(1)(A) (Dkt. #36).

Following the consolidation of the *Nowak, Lennie* and *McNeely* cases and entry of the briefing schedule on the two competing motions for appointment of lead counsel, *Ousachi, et al. v. Ford Motor Company, et al.*, No. 06-12529, was filed on June 6, 2006, by Mark Ousachi

---

[2] The *McNeely* complaint listed the Melville, N.Y., firm of  Lerach Coughlin Stopia Geller Rudman & Robbins LLP, as co-counsel with the Climaco Lefkowitz firm, and the name of the Bernstein Litowitz firm first appears in this June 16 submission.

"Individually  and on Behalf of All Others Similarly Situated." On June 16, 2006, Plaintiff

Ousachi filed a motion to consolidate with the three cases consolidated under the *Nowak* case

number.  In that motion to consolidate, Plaintiff Ousachi also seems to request that his counsel,

Schiffrin & Barroway, LLP, serve as lead counsel and asks for leave to brief the issue on lead

counsel.[3]  This carelessly drafted motion was, in effect, a joint motion by Plaintiff Ousachi to

join the consolidated *Nowak, Lennie* and *McNeely* cases and to be allowed to brief the "Lead

Counsel" issue and seek to have his attorneys appointed as lead counsel.

By order dated June 26, 2006, the Court consolidated the *Ousachi* action with the

*Nowak*, *Lennie*, and *McNeely* actions and granted Plaintiff Ousachi fourteen days to submit

briefing on the motions for appointment of interim counsel (Dkt. #35).  Under the Federal Rules

of Civil Procedure, the deadline was July 13.[4]

_____

[3] "2. In Case No. 06-11718, the Court has entered an order requiring Plaintiffs' counsel in
that case to brief the issues relating to appointment of lead counsel (the "Lead Counsel Order").
Plaintiffs (sic) in this case believe that they (sic) have extraordinary skill and expertise in cases
of this type, and, therefore, that they are uniquely qualified to serve as lead counsel in this case.
Therefore, they request an opportunity to submit briefing on the issues raised by the Lead
Counsel Order." (¶ 2, Dkt. #4 in Case  No. 06-12529).

[4] Under Fed. R. Civ. P. 6(e), the old three day addition under the "mail box" rule is now
also applied to electronic service provided under Rule 5(b)(2)(D) if receipt of such electronic
service is "consented to in writing by the person served." Under Local Rule 5.1.1(a) all papers
filed after November 30, 2005, must be filed electronically (Electronic Filing System or
Electronic Court Filing "ECF") pursuant to this Court's ECF Policies and Procedures.  Under
Local Rule 5.1.1(b) service of papers may be made by transmission of Notice of Electronic
Filing ("NEF") through the Court's electronic transmission facilities as authorized by the Court's
ECF Policies and Procedures on any party in the case registered as a filing user.  Under this
Court's  ECF Policies and Procedures R8(c) notes "If the recipient is a filing user, the NEF shall
constitute service of the papers as if by first class mail."  Accordingly, for service of Court
orders by NEF, the traditional Rule 6(e) "mail box" rule and its three day extension applies. Thus
the fourteen day period in Judge Gadola's June 26 order for Ousachi to file his brief on the lead
counsel would begin on June 27, and counting weekends and the 4th of July, the fourteen days
would run until Monday, July 10, and then with the three days added under Rule 6(e) would

On July 7, 2006, David Cooper sued Ford and the other Defendants on similar claims to the other cases. *Cooper v. Ford Motor Co.*, No. 06- 13109, (Dkt. #1 in case #06-13109). He simultaneously sought to have his counsel, Keller Rohrback, LLP, named as lead counsel (Dkt. #2 in case #06-13109).

On July 13, 2006, Plaintiff Ousachi filed his memorandum regarding the appointment of interim lead counsel and (1.) urged that both his counsel, Schiffrin & Barroway, and Plaintiff Cooper's counsel, Keller Rohrback, serve as interim lead co-counsel, and (2.) opposed the McNeely and Nowak Plaintiffs' respective motions.[5] In addition to Plaintiffs Ousachi and

extend to July 13.

In the *Nowak* Plaintiffs' REPLY BRIEF IN RESPONSE TO OUSACHI AND COOPER PLAINTIFFS' MOTION FOR APPOINTMENT AS LEAD PLAINTIFFS COUNSEL (Dkt. #43) they assert that "Ousachi did not file his papers by that deadline" referring to the deadline set by Judge Gadola in his June 26 order. Ironically, instead of referring to the appropriate Court rules in support of their assertion that the deadline was July 10, not July 13, the lawyers for Nowak refer to the July 7, 2006, Cooper Motion to Consolidate and have Keller Rohrback appointed as lead counsel (Dkt. #2 in case # 06-13109). Yet, Keller Rohrback's reference to the July 10, date was merely to note that the *Ousachi* lawyers, Schiffrin & Barroway, got an extension to a future date to brief the issue of lead counsel and the *Cooper* lawyers were requesting a similar opportunity to do so. Indeed, noting the correct deadline date of July 13 would have better served this argument that granting them a similar opportunity to file a brief would not greatly delay resolution of the lead counsel issue. The lawyers for Nowak are using the reference to July 10 for the more aggressive purpose of accusing the *Ousachi* lawyers, Schiffrin & Barroway, of missing an important deadline and disregarding a Court order. Accusations of this nature should be based on a more solid legal foundation, although it is acknowledged that the application of the three day extension to this new electronic filing system is not widely known and takes some reference of multiple sources. Having Schiffrin & Barroway serve as co-lead counsel, as this order provides, will assure that at least one set of attorneys centrally involved in this litigation is capable of reading our local court rules and complying with them.

[5] Plaintiff Ousachi's submission was titled MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS MARK OUSACHI'S AND DAVID COOPER'S CONSOLIDATED MOTION FOR APPOINTMENT OF INTERIM LEAD PLAINTIFFS CO-LEAD COUNSEL AND LIAISON COUNSEL AND OPPOSITION TO THE MCNEELEY AND NOWAK PLAINTIFFS RESPECTIVE MOTIONS FOR APPOINTMENT OF INTERIM CO-LEAD AND

Nowak agreeing to join forces of their out of state counsel as lead co-counsel, they also agreed to seek appointment of Plaintiff Ousachi's local counsel, Stephen Wasinger as interim liaison counsel.

On August 10, 2006, Judge Gadola entered an Order of Consolidation and For Briefing (Dkt. #45 in *Nowak*; Dkt. #11 in *Cooper,* case # 06-13109), which consolidated *Cooper v. Ford Motor Co.*, No. 06- 13109, with the other cases now pending under the lead case caption *Nowak v. Ford Motor Co.*  This Order also granted counsel for Cooper an opportunity to submit briefing on the pending motions for appointment of lead counsel.[6]

A summary chart of these procedural motions follows:

––––––––––––––––––––

LIAISON COUNSEL (Dkt. #40, also Dkt. #9 in Case #06-12529).  Plaintiffs Ousachi and Cooper did not formally file a consolidated motion for appointment of counsel, but had each made respective requests for his out of state attorneys to be made lead counsel. This memorandum was signed by Plaintiff Ousachi's local counsel, Stephen Wasinger, and both Schiffrin & Barroway and Plaintiff Cooper's counsel, Keller Rohrback, were listed on the signature page (Dkt. #40, p. 21).

[6] Previously, Plaintiff Cooper did not file further briefs as permitted in this August 10 order, apparently because he was satisfied with his lawyers, Keller Rohrback, being appointed co-lead counsel with Schiffrin & Barroway as urged in the Ousachi July 13 submission.

| Date Filed<br><br>(a) Date Complaint filed<br>(b) Date Consolidated | Moving Parties/Proposed Lead Plaintiff –<br><br>Case Number and Date of Motion to act as Lead/Liaison Counsel | Proposed Lead Counsel | Proposed Liaison Counsel |
|---|---|---|---|
| (a) April 7, 2006<br><br>(b) June 1, 2006<br>     (Dkt. #15) | Theodore Nowak #06-11718<br>Gary Brockway<br>April 26, 2006   (Dkt #9)<br><br>Rodney Lennie #06-11722<br>James C. Knott | Scott + Scott, LLC<br>Colchester, CT<br><br>Milberg, Weiss, Bershad & Schulman LLP,<br>New York, NY | The Miller Law Firm P.C.<br>Rochester, MI |
| (a) May 9, 2006<br><br>(b) June 1, 2006 | Robert McNeely  #06-12139<br>Roman Szemeczko<br>June 16, 2006   (Dkt #25) | Bernstein Litowitz Berger & Grossmann LLP<br>New York, NY<br><br>Climaco, Lefkowitz, Peca, Wilcox, LPA<br>Cleveland, OH | Sullivan, Ward, Asher & Patton, P.C.<br>Southfield, MI |
| (a) July 7, 2006<br><br>(b) August 10, 2006<br>     (Dkt. #45) | David Cooper #06-13109<br>July 7, 2006  (Dkt. #3 in case # 06-13109). | Keller Rohrback, LLP<br>Seattle, WA | Morgan & Meyers PLC<br>Dearborn, MI |
| (a) June 6, 2006<br><br>(b) June 26, 2006<br>     (Dkt. #35) | Mark Ousachi #06-12529<br>David Cooper<br>July 13, 2006   (Dkt. #40) | Schiffrin & Barroway, LLP<br>Radnor, PA<br><br>Keller Rohrback, LLP<br>Seattle, WA | Stephen F. Wasinger PLC<br>Royal Oak, MI |

## II.    ANALYSIS

### A.    Standards Of Review

Because of the large number of parties in this ERISA action, efficient management of the case mandates the selection of lead counsel and liaison counsel.  Howard B. Newberg and Alba Conte, NEWBERG ON CLASS ACTIONS,  § 9.31, at 9-82 (3d ed. 1992) ("Newberg").  Selection of lead counsel is a duty often left to the court if the parties cannot decide among themselves.  *Id.* § 9.35, at 9-95.  Courts should consider the following factors when appointing lead counsel: experience; prior success record; the number size, and extent of involvement of represented litigants; the advanced stage of proceedings in a particular suit; and the nature of the causes of action alleged.  *Id.* § 9.35, at 9-97.

In addition, Federal Rule of Civil Procedure 23(g) requires that the court choose counsel that will "fairly and adequately represent the interests of the class."  Fed. R. Civ. Pro. 23(g)(1)(C)(I).  Rule 23(g) enumerates the following factors a court must consider when choosing lead counsel: (1) work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class.  Rule 23(g) also provides that a court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(c)(ii).

### B.    Factual Analysis of Applicants for Lead Counsel

#### 1.  *Ousachi Plaintiffs Proposed Counsel: Schiffrin & Barroway and Keller Rohrback as Interim Co-Lead Counsel & Stephen Wasinger as Interim Liaison Counsel*

Each firm has an impressive resume and is qualified to be lead counsel, but the undersigned finds that the *Ousachi* Plaintiffs' proposed counsel, Schiffrin & Barroway and Keller Rohrback as Interim Co-Lead Counsel & Stephen Wasinger as Interim Liaison Counsel,

will best be able to represent the putative class fairly and adequately because of their extensive experience in ERISA litigation and for other reasons noted below.  *In re Terazosin Hydrochloride*, 220 F.R.D. 672, 702 (S.D. Fla.2004) (finding the proposed counsel's "experience in, and knowledge of, the applicable law in this field" the "most persuasive" factor when choosing lead counsel).        Schiffrin & Barroway and Keller Rohrback have been appointed lead or co-lead counsel in several major ERISA litigations and have worked together in a number of analogous ERISA class action cases, including: *In re Global Crossing Ltd. ERISA Litig.*, No. 02-7453 (S.D.N.Y), *In re HealthSouth ERISA Litig.*, No. 03-1700 (N.D. Ala.)*; In re CIGNA Corp. ERISA Litig.*, No. 03-00714 (E.D. Pa.); *In re BellSouth Corp. ERISA Litig.*, No. 02-2440 (N.D. Ga.); *In re Mirant ERISA Litig.*, No. 03-1027 (N.D. Ga.); *In re Merck Co., Inc. Sec., Derivative & "ERISA" Litig.,* MDL. No. 1658 (D. N.J.); *In re: The Goodyear Tire & Rubber Co. ERISA Litig.*, No. 03-2182 (N.D. Ohio); and *In re Visteon Corp. ERISA Litig.*, No. 05-71205 (E.D. Mich.).  Together they have recovered tens of millions of dollars on behalf of the plans at issue.[7]

The experience and expertise of each individual firm will also significantly aid the proposed class.  Keller Rohrback has served as lead and co-lead counsel in many prominent ERISA class action cases, such as *In re Enron ERISA Litigation*, No. 01-3913 (S.D. Tex); *In re WorldCom, Inc. ERISA Litigation*, No. 02-4816 (S.D.N.Y); and *In re Global Crossing ERISA Litigation*, No. 02-7453 (S.D.N.Y).[8]  In the Eastern District of Michigan, Keller Rohrback has

_____

[7] Settlements achieved through the combined results achieved by Keller Rohrback and Schiffrin & Barroway include: *In re Global Crossing Ltd. ERISA Litig.*, No. 02-7453, 2004 WL 2724076 (S.D.N.Y. Nov. 24, 2004) (final approval of settlement providing injunctive relief and $78 million payment for plan losses); *In re Health South ERISA Litig.*, No. 03-1700 (N.D. Ala. June 28, 2006) (final approval of settlement providing a $28.875 million payment for plan losses); and *In re Polaroid ERISA Litig.* No. 03-8335 (S.D.N.Y. July 11, 2006) ($12 million partial settlement pending preliminary approval).

[8] Other ERISA breach of fiduciary duty class actions for which Keller Rohrback serves or has served as lead or co-lead counsel include: *In re Lucent Technologies, Inc. ERISA Litigation*, No. 01-3491 (D.N.J.); *In re Providian Financial Corp. ERISA Litigation*, No. 01-5027 (N.D.

served or is serving as lead or co-lead counsel in the following: *In re CMS Energy ERISA Litigation*, No. 02-72834 (E.D. Mich.) (J. Steeh), *In re Visteon ERISA Litigation*, No. 05-71205, (E.D. Mich.) (J. Cohn), and the *In re Delphi Corporation Securities, Derivative, and "ERISA" Litigation*, MDL No. 1725 (E.D. Mich.) (J. Rosen).  Moreover, through settlement negotiations, Keller Rohrback has recovered in excess of $500 million for the benefit of employees and retirees (Dkt. #40, p. 24).

Similarly, Schiffrin & Barroway has extensive experience litigating ERISA breach of fiduciary class actions.  Some of the cases they have worked on analogous to the instant matter include: *In re Lear ERISA Litig*., No. 06-11735 (E. D. Mich.); *Brieger v. Tellabs, Inc. et al*, No. 06-01882 (E.D. Ill.); *In re Raytheon ERISA Litig*., No. 03-10940 (D. Mass.); *Gee v. Unum Provident Corp.*, No. 03-1552 (E.D. Tenn.); *In re Westar Energy Inc. ERISA Litig.*, No. 03-4032 (D. Kan.); *Koch v. Loral Space & Comm'n, Ltd.*, No. 03-9729 (S.D.N.Y.); *In re Honeywell ERISA Litig.*, No. 03-1214 (D.N.J.); *Wilson v. Federal Home Loan Mortgage Corp.*, MDL No. 1584, 04- 2632 (S.D.N.Y.); *In re Schering-Plough Corp. ERISA Litig.,* No. 03-1204 (D.N.J.)*; In re Calpine Corp. ERISA Litig.*, No. 03-1685 (N.D. Cal.); and *In re Citigroup ERISA Litig.,* No. 03-2932 (S.D.N.Y.).

In addition to its extensive litigation experience, the firm has also successfully engaged in extensive, intricate and successful settlement negotiations and mediation involving ERISA claims.  *See In re AOL ERISA Litig*., 02-8853 (S.D.N.Y.) (as Co-Lead Counsel, Schiffrin &

---

Cal.*); In re Xerox ERISA Litigation*, No. 02-1138 (D. Conn.); *In re Dynegy, Inc. ERISA Litigation*, No. 02-3076 (S.D. Tex.)*; In re Williams Cos. ERISA Litigation*, No. 02-153 (N.D. Okla.)*; In re BellSouth Corp. ERISA Litigation*, No. 02-2440 (N.D. Ga.); *In re Household International, Inc. ERISA Litigation*, No. 02-7921 (N.D. Ill.); *In re CIGNA Corp. ERISA Litigation*, No. 03-714 (E.D. Pa.); *In re Syncor ERISA Litigation*, No. 03-2446 (C.D. Cal*; In re HealthSouth ERISA Litigation*, No. 03-1700 (N.D. Ala.); *In re Goodyear Tire & Rubber Company ERISA Litigation*, No. 03-02182 (N.D. Ohio)*; and In re Merck ERISA Litigation*, No. 05-01151 (D.N.J.).

Barroway recently obtained preliminary approval of a $100 million settlement); *In re Bristol-Myers Squibb Co. ERISA Litigation*, No. 02-10129 (LAP) (S.D.N.Y) (as Co-Lead Counsel, achieved a cash recovery of $41.22 million and significant structural relief regarding how the 401(k) plans at issue are administered valued at up to $52 million); *In re Honeywell International ERISA Litigation*, No. 03-1214 (DRD) (D.N.J. 2004) (as Lead Counsel, achieved a $14 million recovery to a defined contribution plan and its participants, as well as significant structural relief regarding the plan's administration and investment of its assets).

The vast experience of both Keller Rohrback and Schiffrin & Barroway make them a superior choice for this type of case. They are well-versed in trial practice and in conducting discovery relevant to breach of fiduciary actions. Moreover, there experience has allowed them the opportunity to establish relationships with key experts in the field, as well as defense and insurance counsel who regularly appear in these actions, which should help to facilitate settlement alternatives.[9] While there is some concern that having two major firms acting as lead co-counsel may lead to inefficiencies in staffing and communications, it is anticipated that co-lead counsel will be cognizant of this risk and take steps to minimize it. These two firms have also worked together as co-lead counsel in other cases

Proposed liaison counsel, Stephen F. Wasinger, is competent and able to carry out the duties required of liaison counsel. Currently, Mr. Wasinger serves as liaison counsel in two matters pending in this Eastern District of Michigan: *In re Visteon Corp. ERISA Litig*., No. 05-71205 (E.D. Mich.) and *In re Lear Corp. ERISA Litig*., No. 06-11735 (E.D. Mich.). Keller Rohrback serves as Lead Counsel in the matter of *In re Visteon Corp.* and Schiffrin & Barroway serves on the Executive Committee for Plaintiffs. In the matter of *In re Lear Corp.* Schiffrin &

---

[9] Indeed, at the hearing counsel for the Ousachi Plaintiffs, Mr. Sarko, indicated he has previously appeared with defense counsel as faculty on CLE programs. Hearing Transcript, pg. 52.

Barroway serves as Lead Counsel.  Thus, Mr. Wasinger has an established working relationship with both applicants for co-lead counsel.

Schiffrin & Barroway and Keller Rohrback will also be able to commit adequate resources to this matter.  *See* MANUAL FOR COMPLEX LITIGATION § 10.221 (instructing courts to ensure the designated counsel is able to represent adequately all of the parties on their side). Schiffrin & Barroway is comprised of fifty-eight attorneys and a support staff consisting of over 75 paralegals, secretaries, file clerks, summer interns and administrative personnel (Dkt. #40, pg. 17).  In addition, Keller Rohrback has 50 members of its firm with a considerable support staff. Hearing Transcript, pg. 53.  Moreover, as noted at the hearing, over the course of the year, both firms have resolved a number or their large ERISA cases, including *Visteon, CMS, Health South, Mirant, AOL/Time Warner*, and a part of *Enron*, thereby freeing up considerable legal staff resources.  *Id*. at 50.

Schiffrin & Barroway and Keller Rohrback have demonstrated a commitment to identifying and investigating potential claims in the action.  *See* Fed. R. Civ. P. 23(g)(1)(C)(I) (indicating that courts should consider the work counsel has done in identifying or investigating potential claims in the action).  The *Ousachi* Plaintiff's and *Cooper* Plaintiff's respective complaints adequately meet the requirements of Fed. R. Civ. P. 8, which requires only a short and plain statement of claims.[10]  Here, the complaints filed by the Cooper and Ousachi Plaintiffs contain the grounds for jurisdiction and throughly outline the counts on which Plaintiffs believe relief should be granted.  They carefully describe the Plan documents with particular attention to details of the Plans that pertain to their investment in Ford stock (such as the amount of Ford stock in the Plans, the discretion that the fiduciaries had with respect to the Ford stock

---

[10]  *In re CMS Energy ERISA*, 312 F.Supp. 2d 898, 909 (E.D. Mich. 2004) (holding heightened pleading not necessary in ERISA actions because plaintiffs "are asserting a breach of fiduciary duty, not an intent to deceive").

investment, and the failure of the Plans to qualify as ESOPs, etc.). Cooper Compl. ¶¶ 20-41. The

*Cooper* complaint provides a detailed description of Ford's difficulties, detailed allegations

regarding the unacceptable risks posed to Plan participants by Ford's massive investment in Ford

stock, as well as important analysis regarding the debt/equity ratio of Ford in order to bring into

the complaint the latest ERISA jurisprudence on the issues at hand. Cooper Compl. ¶¶ 91-96,

97-132, 133-134.

Overall, any added time these Plaintiffs' attorneys took to prepare and file their

complaints resulted in a superior draft of a complaint. Lynn Sarko's presentation at the hearing

on these motions overall had less overstatement and a more persuasive force than the counsel for

the *Nowak* or the *McNeely* Plaintiffs.

In sum, Schiffrin & Barroway and Keller Rohrback have a high level of ERISA expertise

and are willing to commit each firm's resources to this case such that they fairly and adequately

represent all parties on their side. Moreover, should the putative class be certified, these firms

have the experience and resources to represent adequately the certified class. Therefore, it is

determined that any Plaintiffs' class certified in this matter will be best served if Schiffrin &

Barroway and Keller Rohrback are appointed as Interim Co-Lead Counsel & Stephen Wasinger

as Interim Liaison Counsel and  it is **ORDERED THAT** the Ousachi Plaintiff request to Appoint

Lead Counsel and Liaison Counsel is **GRANTED**.

*2. Nowak Plaintiffs Proposed Counsel: Scott + Scott and Milberg Weiss as interim Co-Lead*
*Counsel & Miller Shea as Interim Liaison Counsel*

While Scott + Scott and Miller Weiss have noteworthy ERISA experience, particularly in

a similar case involving General Motors employees, and have been appointed by various courts

to be lead counsel in ERISA litigations, it is believed that Plaintiffs' interests will be better

served by the *Ousachi* Plaintiffs' proposed counsel for three principal reasons.

First, serious questions exist as to whether the Milberg Weiss Firm will have the

13

necessary resources to devote to the effective and efficient prosecution of this matter.  The Milberg Weiss Bershad & Schulman firm and two of it named partners, David Bershad and Steven Schulman, have recently been indicted by a federal grand jury in California in a twenty count indictment related to alleged kickbacks paid to named class action plaintiffs (June 16, 2006, letter from Lori Feldmann to Judge Gadola, Dkt. #20). *United States v. Milberg Weiss Bershad & Schulman* , No. Cr. 05-0587(A) - DDP (C.D. Cal.)  A number of the Milberg Weiss Firm's partners and associates have already left the firm, and there are significant questions that exist as to more lawyers leaving.[11]  While acknowledging the presumption of innocence and the vigorous denials of wrongdoing by Milberg Weiss and by counsel for the lawyers individually charged, this cannot erase the obvious –  that this indictment of a major law firm for alleged bribery, perjury and fraud by its named partners, could significantly harm the commitment of long term, unaltered legal personnel resources from the Milberg Weiss frm.

Also of significance, in Ms. Feldman's June 16, 2006,  letter to Judge Gadola, she asserts that "the attorneys litigating this matter – including the undersigned – have not been accused of any wrongdoing."  While this representation may be literally true with respect to attorneys actually involved in the work on this case, this statement nonetheless suggests that no attorney

---

[11] Mr. Climaco, counsel for the *McNeely* Plaintiffs, indicated on the record that Milberg Weiss is now down from 150 attorneys to 70.  Hearing Transcript,  pg. 37.  This appears to be an exaggeration.  In a cover story in the December 2006 *ABA Journal,* at p. 34, the attrition for Milberg Weiss was estimated to be "about 40 percent of its 128 lawyers in the five months after its indictment" while  noting that the firm is attempting to add experienced lateral transfers. The 2005 Martindale-Hubbell Law Directory indicates 103 lawyers at Milberg Weiss Bershad & Schulman.  Ms. Feldman, counsel for the *Nowak* Plaintiffs and representative of Milberg Weiss, confirmed at the hearing that her firm had 70 attorneys. Hearing Transcript, pg. 31.  A more recent Martindale Hubbell listing on line shows 69 as of the information available to it on December 20, 2006, and it also shows a change of title to "Milberg Weiss & Bershad LLP."  Ms. Feldman's June 16, 2006, letter to Judge Gadola notes that Bershad and Schulman have announced voluntary leaves of absence from the firm.  Whatever the exact number of the attrition since the indictment, this indictment involving allegations of bribery, perjury and fraud by named partners clouds the attractiveness of working for Milberg Weiss.  Many of its best and most "marketable" attorneys have, or may yield, to other offers from firms with a more certain future.

appearing for the *Nowak* Plaintiffs – i.e. "attorneys litigating this matter"  –  was accused in the indictment.  Yet, the first name in the signature areas  for the law firm of Milberg Weiss Bershad & Schulman on both the *Nowak* and the *Lennie* complaints and even on their current motion before the Court  – and the name above the name of Lori Feldman – is "Steven G. Schulman"  – the indicted partner whose name has now apparently been removed from the firm name.[12]  While such fine shading of words as those in Ms. Feldman's June 16, 2006, letter may be commonplace in the practice of law, they can erode confidence of the court and opposing counsel in the lawyer making such statements, and this reduced trust can, in turn, impede the efficient progress of a complex case.

Moreover, in addition to the questions about the ongoing legal personnel of the Milberg Weiss firm that will be committed to this litigation for the long haul, it is unclear the amount of resources Scott + Scott will be able to contribute to this matter.  Mr. Scott, counsel for the *Nowak* Plaintiffs, stated his firm has thirty attorneys, but Scott + Scott only lists 17 individuals named as lawyers on the firm's website – which Mr. Scott indicates are the partnership track lawyers.

Second, the *Nowak* Plaintiffs' proposed counsel has less experience than the *Ousachi* Plaintiffs' proposed counsel at nearly every stage of this type of case.  From a review of the cases cited by Scott + Scott in their filings, it would appear that they have served as co-lead counsel in five ERISA cases, only one of which has settled and none that have progressed far into discovery: *In re General Motors ERISA Litig.*, No. 05-71085 (E.D. Mich.) (case in early stages

---

[12]A more thorough and accurate representation would have been, "While Mr. Schulman, who was listed among counsel in the *Nowak* and *Lennie* complaints and on our current motion*,* has been indicted, he has had minimum active involvement in these cases, and has taken a voluntary leave of absence from the firm.  The attorneys who are and have been actively involved in litigating this matter – including the undersigned – have not been accused of any wrongdoing."  If Mr. Schulman has had no involvement in these cases, then while the firms name can be used, listing him individually would be misleading.

of discovery); *In re Royal Dutch Shell ERISA Litig.*, No. 04-1398 (S.D.N.Y.) (co-lead counsel with

Milberg Weiss, settled before a decision was issued on motions to dismiss); *In re Tribune Co. ERISA Litig.*, No. 05-02927 (N.D. Ill.) (motions to dismiss pending); *In re ConAgra Foods ERISA Litig.*, No. 05-00386 (D. Neb.) (written discovery recently commenced); and *Shirk v. Fifth Third Bancorp*, No. 05-049 (S.D. Ohio) (motions to dismiss and for class certification pending).

The substantial reputation of Milberg Weiss was developed in complex securities class action litigation.  Yet, with the exception of the *Royal Dutch Shell* case noted above, Milberg Weiss appears to be co-lead counsel in only two other ERISA cases, neither one of which is beyond the preliminary stages: *Boston Scientific ERISA Litigation,* No. 06-10105 (D. Mass) (consolidated complaint recently filed); and *Coca-Cola ERISA Litigation*, No. 05-1514 (N.D. Ga.) (motions to dismiss granted in part, discovery not yet commenced).  Milberg Weiss identifies two other ERISA cases in its motion papers; *Delphi ERISA Litigation*, No. MDL 1725 (E.D. Mich.); and *In re Pfizer ERISA Litigation*, No. MDL 1688 (S.D.N.Y.) (Dkt. #39).  Yet, Milberg Weiss is not actively involved in either the *Delphi* or *Pfizer* ERISA cases (proposed co-lead counsel Keller Rohrback is lead counsel in both).  While there may be other ERISA cases in which Scott + Scott and Milberg Weiss play a role, they do not identify any others in their papers in which they serve in a leadership capacity.

Finally, Scott + Scott and Milberg Weiss argue they should be appointed lead counsel because they filed the first complaint in this case and have done all the original work.  Hearing Transcript, pg. 8-9.  They claim further that the other complaints filed are mere "copycat" complaints of their work.  Id. at 12.  Pursuant to Rule 23(g), the Court has the responsibility to select who among the competing firms are "best able to represent the interest of the class." Fed. R. Civ. P. 23(g)(2)(B).  Rule 23 requires a qualitative assessment of the work performed by

16

counsel to date and the knowledge, skill and experience of counsel in the area of law at issue, as well as the available resources counsel has to vigorously pursue the case. Whether someone was "first to file" by itself has little to do with who is the best qualified to lead the case, and does not satisfy the requirements of Rule 23(g). To hold otherwise would further encourage a "rush to the courthouse" in ERISA class action cases.

Nor has Scott + Scott and Milberg Weiss demonstrated that their investigation was more thorough or their complaint somehow superior to the other complaints filed. Counsel for the *Nowak* Plaintiffs allege without sufficient explanation that complaints filed by the competing firms in this case are copycats of their filing. Hearing Transcript, pg. 8-9. Yet, on closer examination, it appears that the opposite contention may be more accurate. Many of the paragraphs of the *Nowak* Complaint are verbatim or near verbatim copies of allegations from prior complaints prepared by attorneys at Keller Rohrback and Schiffrin & Barroway in other cases. Examination of the consolidated complaint filed by Keller Rohrback and Schiffrin & Barroway in April 2004 in the *In re Polaroid ERISA Litig.*, No. 03-CV-8335 (S.D.N.Y.), demonstrate this duplication. *Compare, e.g., Nowak* Compl. ¶¶ 23-30 *with Polaroid* Compl. ¶¶ 82-88; *Nowak* Compl. ¶¶ 62-63, 65 *with Polaroid* Compl. ¶¶ 89-90, 105; *Nowak* Compl. ¶¶ 56-61 with Polaroid Compl. ¶¶ 181-185; *Nowak* Compl. ¶¶ 47-54 *with Polaroid* Compl. ¶¶ 159, 162, 166-168.

The counts of the *Nowak* Complaint also bear a remarkable similarity to counts previously drafted by Keller Rohrback and Schiffrin & Barroway in other cases. *Compare Nowak* Compl. ¶¶ 85-96 with *Polaroid* Compl. ¶¶ 186-199. Other paragraphs of the *Nowak* complaint are taken from other complaints previously filed by Keller Rohrback and Schiffrin & Barroway, such as the June 2004 consolidated complaint filed by Keller Rohrback in *In re The Goodyear Tire & Rubber Co. ERISA Litig.*, No. 5-03CV02182 (N.D. Ohio). Compare *Nowak* Compl. ¶¶ 1-9 *with Goodyear* Compl. ¶¶ 1-8; *Nowak* Compl. ¶¶ 91-108 (Count II) *with*

*Goodyear* Compl. ¶¶ 140-151; *Nowak* Compl. ¶¶ 109-116 (Count III) with *Goodyear* Compl. ¶¶ 152-161. Thus, clearly the *Nowak* Plaintiffs' Complaint is not itself an original document. While the Keller Rohrback and Schiffrin & Barroway supplemental brief notes that they have no significant concern that the *Nowak* Complaint borrowed from "pleadings prepared by other firms" they resent the suggestion that Keller Rohrback and Schiffrin & Barroway, whose lawyers apparently drafted some of the initial complaints in this legal area, are being accused of copying from the *Nowak* Complaint.[13] The claim by the *Nowak* lawyers that *Ousachi* and *Cooper* lawyers did little more than copy their complaint is without merit.

Therefore, for the above stated reasons the *Nowak* Plaintiffs' Motion to Appoint Lead Counsel and Liaison Counsel is **DENIED**.

*3. McNeely Plaintiffs Proposed Counsel: Climaco and Bernstein Litowitz as Co-Lead Counsel & Sullivan Ward as Liaison Counsel*

Proposed counsel for the *McNeely* Plaintiffs are also not as experienced in ERISA litigation as Keller Rohrback and Schiffrin & Barroway. Although Climaco and Bernstein Litowitz have significant securities class action experience and substantial labor based experience, they simply do not have the same degree of ERISA experience as the competing firms. Indeed, in the *McNeely* Plaintiffs' Motion they do not discuss or refer to any specific case experience they have with this particular type of ERISA company stock class action litigation (Dkt. #25). In addition, they have failed to sufficiently demonstrate that they have superior resources with which to devote to this case.

It should also be noted that at the hearing on these motions counsel for the *McNeely* Plaintiffs, Mr. Climaco, launched an ethical attack on Schiffrin & Barroway and Keller Rohrback as having a conflict of interest by both firms being involved in the *In re Visteon Corp.*

---

[13] The often quoted statement that "imitation is the greatest form of flattery" has morphed into "plagiarism is the greatest compliment."

*ERISA Litig* in this District as well as in this action against Ford Motor Company.  The *Visteon* case involves Schiffrin & Barroway and Keller Rohrback ERISA claims against Visteon, a former Ford subsidiary corporation.  In this case Schiffrin & Barroway and Keller Rohrback are suing Ford for Plaintiffs Ousachi and Cooper.  The alleged conflict of interest is that success of Schiffrin & Barroway and Keller Rohrback in *Visteon* may impose expenses on Ford making it less able to honor any judgment for the putative class Plaintiffs in this case.

Counsel for the *McNeely* Plaintiffs cites *In re Cardinal Health, Inc. ERISA Litig.*, 225 F.R.D. 552, 557 (S.D. Ohio 2005), in support of this contention.  This *Cardinal Health* case and legal issue were not cited in any response brief submitted prior to the hearing by counsel for the *McNeely* Plaintiffs.

In *Cardinal Health,* the court was concerned whether the same counsel, Schiffrin & Barroway and Keller Rohrback, could appropriately represent a class of Cardinal Health plan participants and also Syncor plan participants where Cardinal Health had acquired Syncor and arguably had some potential financial responsibility for any judgment entered against Syncor. At issue was Schiffrin & Barroway representing clients against both Syncor and against Cardinal Health and whether this circumstance created the possibility that the two classes would be competing for the same limited fund. *Cardinal Health*, 225 F.R.D. at 557.  The *Cardinal Health* court refused to allow Schiffrin & Barroway and Keller Rohrback to serve as lead co-counsel in part because of this conflict of interest issue.

The reasoning of the *Cardinal Health* opinion seems incomplete and overly cautious. The court never made any finding that Cardinal Health would be liable for the debts of its subsidiary, Syncor.  Nor did it find that the assets of Cardinal Health did not exceed the full amount of both of the plaintiff groups' claims against Cardinal Health and Syncor, which is an essential element needed to demonstrate a conflict of interest in such a situation.  At the hearing on this motion, counsel arguing for Schiffrin & Barroway and Keller Rohrback also indicated

19

that Cardinal Health in that litigation had a fiduciary insurance policy to provide another source of funding of any judgment or settlement against it.  The *Cardinal Health* opinion also cites DR 5-105 and EC 5-14 which prohibited joint representation where there was an "appearance of divided loyalties of counsel."  Having taught a course on legal ethics for many years, it was my understanding that decades ago when Ohio and nearly all states abandoned the ABA Code of Professional Responsibility and its Disciplinary Rule and adopted versions of ABA Model Rules of Professional Conduct, the new rules abandoned this "appearance of divided loyalty" standard and drafted more precise conflict guidelines.  For various reasons, while recognizing the importance of the conflicts issues raised in *Cardinal Health,* that opinion does not demonstrate a sufficient factual basis to find that Schiffrin & Barroway was acting inappropriately.

The same conflict of interest also does not exist in the present case.  Here, Ford spun off Visteon (the opposite of an acquisition and merger in *Cardinal Health*), the companies are entirely separate.  While Ford had retained certain contingent liabilities for its former employees at Visteon, it is not in any way directly liable for breaches of fiduciary duty by Visteon plan fiduciaries relating to Visteon stock.  Moreover, counsel for the *Ousachi* Plaintiffs indicated on the record that a settlement has been reached in the *Visteon* case and that Visteon had fiduciary insurance exceeding the amount of the settlement, which is pending approval by this Court (Hearing transcript at 48, see also Dkt. #53).   Thus, this conflicts issue raised by the attorney for the *McNeely* Plaintiffs does not preclude Schiffrin & Barroway and Keller Rohrback from serving as interim co-lead counsel in these cases.

Accordingly, the *McNeely* Plaintiffs' Motion to Appoint Lead Counsel and Liaison Counsel is **DENIED**.

## III.   RULING AND ORDER

For the reasons stated above, the *Ousachi* Plaintiffs' motion is **GRANTED** and the *Nowak* Plaintiffs' and *McNeely* Plaintiffs' motions are **DENIED**.  Accordingly, as set out in the separate

order of this date Plaintiffs Ousachi & Cooper are appointed interim lead plaintiffs, Schiffrin &

Barroway and Keller Rohrback are appointed as interim co-lead counsel and Stephen Wasinger

is appointed as interim liaison counsel.

The parties to this action may object to and seek review of this Order, but are required to

file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §

636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Any objections are required to specify the part of the

Order to which the party objects and state the basis of the objection.  Pursuant to E.D. Mich. LR

72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.  Within ten (10)

days of service of any objecting party's timely filed objections, the opposing party may file a

response.  The response shall be not more than twenty (20) pages in length unless by motion and

order such page limit is extended by the Court.  The response shall address specifically, and in

the same order raised, each issue contained within the objections.

SO ORDERED.

Date: December 22, 2006                        s/Steven D. Pepe_____
Ann Arbor, Michigan                            United States Magistrate Judge

CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2006,  I electronically filed the foregoing paper
with the Clerk  Court using the ECF system which will send electronic notification to the
following: Jayson E. Blake, Michelle Thurber Czapski, Robert N. Eccles, David H. Fink,
Kathleen A. Lang, Elizabeth A. Leland, Derek W. Loeser, E. Powell Miller, Debra B. Pevos,
Lynn L. Sarko, Stephen F. Wasinger, and I hereby certify that I have mailed by United States
Postal Service the paper to the following non-ECF participants: John R. Climaco, 1228 Euclid
Ave., Ste. 900, Cleveland, OH 44115, Jeffrey T. Meyers, 3200 Greenfield Rd., Ste. 260,
Dearborn, MI 48120-1802, John A. Pica, Scott D. Simpkins, 1220 Huron Rd., Ste. 1000,
Cleveland, OH 44115-1802, David A. Rosenfeld, One Pennsylvania Plaza, 49th. Floor, New
York, NY 10119-0165, Samuel H. Rudman 58 S. Service Rd., Melville, NY 11747, Gary S. Tell,
1625 Eye St., NW, Washington, DC 20006-40001

21

s/ James P. Peltier
James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church St.
Flint, MI 48502
810-341-7850
pete__peliter@mied.uscourts.gov